## WILLIAM MURPHY *v.* JOHN R. ASHBY.

**Conveyance of Land—Bond for Deed.**

Where a bond for a deed shows a sale of land in gross and not by the acre, the vendor cannot in disregard of the written contract be allowed to show that it was verbally agreed that the purchaser should pay for the land at so much per acre. He is bound by his written contract.

APPEAL FROM DAVIESS CIRCUIT COURT.

November 4, 1875.

OPINION BY JUDGE PRYOR:

The bond executed by the appellee for title, as both parties admit, shows a sale in gross, and not by the acre. The appellant agreed to pay $2,000 for the land containing 116 acres, more or less. The deed is for a certain boundary of land, containing 116 acres, for two thousand dollars. The appellee now says that it was verbally agreed at the time of the execution of the deed that this sale in gross should be disregarded, and the writings evidencing the sale held for naught so far as they affected that part of the contract. If written contracts can be assailed in this way, but little importance is to be attached to this mode of evidencing the obligations of parties.

There is no mistake alleged, or if so, it is not pretended that any was really made, but the appellee is relying solely upon the fact of the verbal agreement made when the deed was signed. The party purchasing had been in possession for several years, with a bond and deed, showing how he entered upon the land, and the terms of his contract; and yet it is insisted that a verbal contract made at the same time is to determine the rights of the parties. If there had been a deficit in the tract of the nine acres, the appellant would have been without remedy. The production of his bond for title and the deed would have determined his rights, as it must those of the appellee. If this verbal agreement was a part of the contract, it should have been reduced to writing, and neither party is entitled to relief by reason of any excess or deficit in the number of acres in a case like this, unless such deficit or excess is sufficient to convince the chancellor that the parties, with a knowledge of that fact, would not have made such a contract. The judgment is *reversed* and cause remanded with directions to dismiss the petition, and also the cross-action.

*W. N. Sweeney, for appellant. G. W. Williams, for appellee.*